## Bone *v.* McGinley.

By the statute of this state, when the action is misconceived, it can only be taken advantage of by demurrer.

The wrong admission of a record in evidence cannot be assigned for error, unless it appears in a bill of exceptions.

It must appear from the record that the jury consisted of twelve men.

There should be a replication to a plea of *nul tiel record.*

IN ERROR from the circuit court of the county of Adams.

SANDERS & PRICE for plaintiff in error.

*Per Curiam.*

This was an action of assumpsit, founded on a judgment rendered by a court of common pleas in Ohio. The defendant below pleaded non assumpsit, and *nul tiel record,* and on the trial objected to the admission of the record as evidence; but the record was admitted, and exceptions taken. As the record is not set out in the bill of exceptions, we cannot determine as to the propriety of these objections. We have repeatedly held, that nothing wil be noticed as a part of the record which ought to be placed there by bill of exceptions, and which is not so placed there, although it may be copied by the clerk and attached to the record. By the application of this rule, the bill of exceptions in this case becomes wholly useless. We must therefore decide the case on such other points as the record presents apart from the bill of exceptions; but there is enough in the record assigned as error to justify a reversal of the judgment.

It is assigned for error, that there were only eleven jurors, and this appearing to be true, is fatal to the judgment. A jury is composed of twelve men, unless in particular cases a less number is substituted by statute. It would have probably been sufficient

Bone *v.* McGinley.

if the record had stated that there was a good and lawful jury, without naming them; but as the names are given, and being only eleven in number, it was not a lawful jury.

The plea of *nul tiel record* should have been answered; but the objection taken to the form of the action, it being assumpsit instead of debt, is now unavailable, as there was no demurrer for that cause. It was a mere misconception of the action, which is cured after verdict by the statute of jeofails.

Judgment reversed and cause remanded.